WILFREDO VEGA COLÓN y OTROS, demandantes y recurridos, *v.* CORPORACIÓN AZUCARERA DE PUERTO RICO, demandada y recurrente.

*Número:* CE-88-548      *Resuelto:* 16 de junio de 1989

*Edda Ivette Rodríguez*, de *Enrique Nassar Rizek Law Offices*, abogada de la recurrente; *Luis A. Figueroa Astacio*, abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR ORTIZ emitió la opinión del Tribunal.

Los demandantes recurridos presentaron querella por reclamación de salarios contra la recurrente Corporación Azucarera de Puerto Rico. Alegaron que fueron desplazados por la recurrente en contravención al convenio colectivo vigente, el cual impedía tal desplazamiento y concedía una serie de beneficios a dichos querellantes. Solicitaron que, mediante el procedimiento sumario provisto por la Ley Núm. 2 de 17 de octubre de 1961 (32 L.P.R.A. secs. 3118–3132), se condenara a la demandada, aquí recurrente, a pagar a los demandantes una suma compatible con los sueldos dejados de percibir. La recurrente Corporación Azucarera de Puerto

Rico solicitó la desestimación de la demanda bajo el fundamento de que el tribunal carecía de jurisdicción, por razón de que la reclamación de los querellantes surgía de la supuesta violación de un convenio colectivo y, como tal, constituía una práctica ilícita de trabajo. La querellada sostenía que la Junta de Relaciones del Trabajo era el foro con jurisdicción exclusiva para entender en dicha controversia.

El tribunal declaró sin lugar la moción de desestimación y la reconsideración del patrono. Recurre ante nos. Plantea como cuestión de derecho que erró el tribunal de instancia al determinar que la presente causa de acción se trata de una reclamación de salarios.

El 27 de octubre de 1988 emitimos la resolución siguiente:

> Examinada la petición de [*certiorari*] y su apéndice, los querellantes-recurridos tendrán veinte (20) días para mostrar causa por la cual no debamos expedir el auto, revocar la resolución recurrida y declarar con lugar la moción de desestimación del patrono por no haberse utilizado y agotado los remedios dispuestos en el convenio colectivo.

Los querellantes han comparecido. Sostienen que la reclamación objeto de este litigio es una reclamación de salarios regulada por la Sec. D del Art. III del convenio colectivo vigente.[1] A tenor con dicha sección, si la reclamación excede los $1,000, la misma no será sometida a arbitraje y podrá reclamarse directamente ante los tribunales si la recomendación del Comité de Quejas y Agravios no es aceptada por una de las partes. Alegan los querellantes que por ser

---

[1] Provee el Art. III, Sec. D del convenio colectivo vigente que:
"Los casos de reclamaciones de salario de cualquier naturaleza, cuya cuantía excede de [m]il ($1,000.00) [d]ólares, no serán sometidos a arbitraje. Disponiéndose, sin embargo, que dichos casos serán estudiados por el Comité de Quejas y Agravios que podrá hacer una recomendación sobre el caso. De no ser esta recomendación del Comité aceptada, la parte que se considere perjudicada podrá gestionar su reclamación por la vía judicial." *Exhibit* 2, pág. 12.

ésta una reclamación de salarios en exceso de $1,000, al no ponerse de acuerdo las partes para someter la controversia al Comité de Quejas y Agravios, no era necesario acudir a arbitraje, sino que podían hacer la reclamación directamente al tribunal.[2]

■ No nos convencen. Los demandantes recurridos alegaron en su querella que el convenio colectivo vigente prohibía el desplazamiento de que fueron objeto,[3] razón por la cual el patrono venía obligado a compensar a los querellantes como consecuencia de dicho desplazamiento. Esto es, que el derecho a reclamar los salarios aquí reclamados surgía como consecuencia del alegado desplazamiento sufrido por los querellantes en contravención al convenio colectivo. La querella, por lo tanto, constituía no una reclamación de salarios en sí, sino más bien una imputación de violación a los términos del convenio colectivo y de práctica ilícita de trabajo a

---

[2] Dicha reclamación fue sometida a arbitraje sin que el Comité de Quejas y Agravios hubiese entendido en la misma. No obstante, el Sindicato de Obreros del Sur solicitó el cierre de dicho caso ante el árbitro, ya que se proponía someter dicha reclamación ante el foro judicial a tenor con lo dispuesto en el Art. III, Sec. D del convenio colectivo.

[3] El Art. XXI del convenio colectivo vigente disponía que:

"El Patrono garantiza a la Unión que no es su intención, ni su propósito, ni está en sus planes efectuar reducciones de personal durante la vigencia de este convenio. No obstante, si debido a circunstancias imprevistas tuvieren la necesidad de desplazar personal, si hubiere otra plaza disponible y el trabajador a ser desplazado estuviere cualificado para ocupar dicha plaza, el Patrono le dará la oportunidad de ocuparla, y si el trabajador rehusare la misma, el Patrono lo desplazará y lo compensará con la suma de Dos Mil Quinientos Dólares ($2,500.00) si es desplazado durante la vigencia del presente convenio.

"Aquellos obreros que no rehusaren y que el Patrono no les ofreciera trabajo se mantendrán en una lista para ocupar vacantes que surjan con preferencia a otros obreros. Aquellos obreros desplazados que el Patrono les ofreciera otro trabajo y que pudieran realizar y lo rechazaren, recibirán la compensación y se mantendrán fuera de la lista preferencial de empleo. Así mismo en casos de reempleo o de ascenso en clasificaciones se utilizará el principio de antigüedad."

tenor con el Art. 8(1)(f) de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 69(1)(f).(4)

■ Es principio de derecho firmemente establecido que es la Junta de Relaciones del Trabajo quien ostenta, con carácter exclusivo, la jurisdicción en casos de práctica ilícita del trabajo. *F.S.E. v. J.R.T.*, 111 D.P.R. 505 (1981); *J.R.T. v. A.C.A.A.*, 107 D.P.R. 84 (1978). No obstante, la propia Junta de Relaciones del Trabajo ha adoptado la doctrina de agotamiento de remedios contractuales, esto es, que no habrá de entender en casos de violación de convenio colectivo hasta tanto las partes no hayan agotado los remedios provistos en el convenio colectivo para la solución de sus problemas. *J.R.T. v. A.C.A.A.*, supra; *San Juan Mercantile Corp. v. J.R.T.*, 104 D.P.R. 86 (1975).

El convenio colectivo vigente entre las partes proveía un mecanismo para la solución de cualquier querella, queja o agravio. El Art. III del convenio colectivo disponía que:

COMITE DE QUEJAS Y AGRAVIOS

A. El Patrono acepta que en cada departamento, la Unión designe y retenga un representante o delegado así como representantes en las distintas labores, a fin de que intervenga cuando fuere necesario en primera instancia con los representantes del Patrono, en la solución de cualquier querella, queja o agravio, presentada por cualquier trabajador o cuando se

---

(4) El Art. 8(1)(f) de la Ley de Relaciones del Trabajo de Puerto Rico, 29 L.P.R.A. sec. 69(1)(f), dispone:

"(1) Será práctica ilícita de trabajo el que un patrono, actuando individualmente o concertadamente con otros:

. . . . . . . .

"(f) Viole los términos de un convenio colectivo, incluyendo un acuerdo en el que se comprometa a aceptar un laudo de arbitraje, esté o no dicho acuerdo incluido en los términos de un convenio colectivo; Disponiéndose, sin embargo, que la Junta podrá declarar sin lugar cualquier cargo en el cual se alegue una violación de este inciso, si la unión que es parte en el contrato es culpable de una violación en curso del convenio o no ha cumplido con una orden de la Junta relativa a alguna práctica ilícita de trabajo, según lo dispone este Subcapítulo."

entendiere que no se está cumpliendo con alguno de los contenidos del Convenio Colectivo. Cuando los representantes del Patrono y la Unión no pudieren ponerse de acuerdo en la solución de algún asunto, en el Departamento, el caso pasará a la consideración del Comité de Quejas y Agravios que se crea a continuación, para que éste resuelva la controversia.

B. Por la presente se crea un Comité de Quejas y Agravios que está integrado por dos representantes propietarios y dos suplentes designados por el Patrono y dos representantes propietarios y dos suplentes designados por la Unión. Disponiéndose, que en caso de estar presente uno solo de los representantes de cualquiera de las partes en las deliberaciones, éste tendrá igual número de votos que la otra parte. Esto es, siempre ambas partes tendrán igual número de votos independientemente del número de representantes presentes.

C. El Comité de Quejas y Agravios se reunirá dentro de cinco (5) días a partir de la fecha de la radicación de las querellas que se traigan ante su consideración y las resolverá dentro de dos (2) días adicionales. DISPONIENDOSE, que si en un término de siete (7) días de radicada la querella, este Comité no pudiera ponerse de acuerdo, el asunto pasará a un árbitro designado por las partes. Las partes preferirán, siempre que sea posible, que actúe como árbitro un funcionario del Negociado de Conciliación y Arbitraje del Departamento del Trabajo de Puerto Rico. Si no se pusieren de acuerdo dentro de tres (3) días laborables siguientes a los siete (7) anteriores, las partes quedan en libertad de llevar el asunto ante los organismos correspondientes, según se provea por ley. En cualquier querella por cesantía que fuere resuelta a favor del obrero, el Patrono pagará el tiempo perdido por aquel a partir de la fecha de su suspención (sic) y lo repondrá en su empleo.

▆▆▆ Por tratarse éste de un caso de querella por violación a los términos del convenio colectivo, lo que constituye práctica ilícita de trabajo, no era de aplicación el Art. III, Sec. D del convenio colectivo. Correspondía a los querellantes agotar los remedios provistos en el convenio colectivo para la solución de querellas, *e.g.* el Comité de Quejas y Agravios y el arbitraje, antes de acudir a la Junta de Rela-

ciones del Trabajo, que es el organismo designado por ley para entender en casos de posible práctica ilícita de trabajo. Véase *San Juan Mercantile Corp. v. J.R.T.*, supra. Era la Junta de Relaciones del Trabajo a quien en última instancia correspondía decidir si se habían o no violado los términos del convenio colectivo al desplazar a los obreros querellantes, y si como resultado de dicho desplazamiento ilegal venía obligado el patrono a satisfacer a los querellantes las sumas reclamadas por concepto de salarios dejados de percibir: carecía de jurisdicción el tribunal de instancia para entender en el caso de autos.[5]

*Se dictará sentencia de conformidad.*

El Juez Presidente Señor Pons Núñez no intervino.

---

[5] Los obreros recurridos citan a favor de su contención los casos de *Asoc. de Guardianes v. Bull Line*, 78 D.P.R. 714 (1955), y *United Steelworkers v. Paula Shoe Co., Inc.*, 93 D.P.R. 661, 668 (1966). Dichos casos no controlan la situación del caso de autos. Ambos envolvían reclamaciones de derechos privados de los obreros según el convenio colectivo, no reclamaciones surgidas de prácticas ilícitas de trabajo como en el caso de autos.