Córdova Arone, Juez Ponente
*1078 TEXTO COMPLETO DE LA SENTENCIA
La Autoridad de Energía Eléctrica de Puerto Rico (en adelante ("la Autoridad") recurre ante este Tribunal solicitando la revisión de una resolución del Tribunal de Primera Instancia (Hon. Julio Alvarado Ginorio, J.) de 28 de junio de 1995, mediante la cual se declaró sin lugar una moción de la recurrente en la que se solicitaba la desestimación de la demanda radicada en su contra. Según el Tribunal de Primera Instancia, éste tiene jurisdicción para intervenir en la reclamación formulada por los demandantes.
Alega la Autoridad de Energía Eléctrica que ”[e]rró el Honorable Tribunal de Instancia al resolver que tiene jurisdicción para intervenir en una reclamación de salarios fundamentada solamente en una disposición de un convenio colectivo y no en la legislación laboral".
Nos corresponde examinar en el caso de autos si la reclamación de los demandantes surge de una violación de las disposiciones del convenio colectivo entre la Autoridad y la Unión de Trabajadores de la Industria Eléctrica y Riego de Puerto Rico, por no cumplir con el pago correspondiente de lo que se conoce como "horario sustituido" de un empleado cuyo turno de trabajo es "no rotativo" o si, por el contrario, surge de un mero incumplimiento con el pago de la compensación extraordinaria de acuerdo con la legislación laboral.
La médula de la controversia radica en la distinción señalada ya que de tratarse de una reclamación de compensación extraordinaria por interrupción en el programa de trabajo u "horario sustituido ", según se define en el convenio colectivo, la jurisdicción es exclusiva de la Junta de Relaciones del Trabajo.
Resolvemos que en el caso de autos se trata de una reclamación de compensación extraordinaria por interrupción del programa de trabajo u "horario sustituido" de acuerdo como lo establece el convenio colectivo entre la Autoridad y la UTIER. Por consiguiente, tratándose de un caso donde alegadamente se incumple con las disposiciones del convenio colectivo, es la Junta de Relaciones del Trabajo el foro con jurisdicción para dirimir la presente controversia, por considerarse ésta como una reclamación de práctica ilícita de trabajo. Justificamos nuestra determinación, no sin antes hacer un recuento de los hechos que dieron margen a la controversia que nos ocupa y establecer la diferencia entre una reclamación por compensación extraordinaria y aquella reclamación basada en la violación de alguna de las disposiciones del convenio colectivo, lo que constituye una práctica ilícita de trabajo.
Con fecha del 13 de marzo de 1995, los demandantes, empleados regulares de la Autoridad de Energía Eléctrica de Puerto Rico y miembros bona fide de la Unión de Trabajadores de la Industria Eléctrica y Riego de Puerto Rico, presentaron una demanda contra la Autoridad y la UTIER donde alegaban que tienen un programa regular de trabajo que no es de turno rotativo y que su horario de trabajo fue interrumpido por otro. En su demanda reclaman de la Autoridad que se les haga efectivo los pagos por la compensación extraordinaria fijada por la sustitución de su horario regular. Según el párrafo cuatro (4) de la demanda, se establece que "[l]os demandantes han requerido de la demandada AEE para que les haga efectivo los pagos por la compensación extraordinaria fijada por la sustitución de su horario regular, inclusive por la vía judicial, y la demandada AEE se ha negado a ello, todo contrario a las disposiciones del convenio colectivo, donde, se permite reclamar la compensación extraordinaria directamente en los Tribunales de Justicia". Se incluyó a la UTIER como parte demandada necesaria, ya que es ésta la entidad con legitimación activa para representar a los demandantes ante la Junta de Relaciones del Trabajo de Puerto Rico en asuntos de violación al convenio colectivo.
El 20 de abril de 1995, la Autoridad radicó una moción solicitando desestimación por falta *1079 de jurisdicción alegando, entre otras cosas, que el Tribunal de Primera Instancia se había enfrentado anteriormente-a la reclamación de autos y había concluido que procedía desestimar la misma porque lo reclamado constituía una imputación de práctica ilícita del trabajo y no una reclamación de salario per se. Alegaron, además, que esta determinación fue sostenida por el Tribunal Supremo de Puerto Rico mediante resolución en el caso RE-94-23 
El 8 de mayo de. 1995, los demandantes radicaron una oposición a esta solicitud indicando que si bien era cierto que el Tribunal se había enfrentado a la controversia señalada, no era menos cierto que al momento de dictarse la referida sentencia, la Autoridad de Energía Eléctrica no puso a la juez ni a los demandantes en conocimiento de los siguientes hechos, a saber:

(”1) Que un árbitro del Negociado de Conciliación y Arbitraje del Departamento del Trabajo, en el caso A-3459 por un laudo emitido el 15 de abril de. 1992, había resuelto que la Junta del Trabajo no tenía jurisdicción para adjudicar reclamaciones sobre compensación extraordinaria, idénticas a la reclamación que se hacía en el caso núm. JAC-93-0369 ante la Juez Rodríguez Fuentes.

(2) Que la UTIER recurrió de la resolución arbitral ante el entonces Tribunal Superior, Sala de San Juan, por lo que el 21 de octubre de 1992, este tribunal revocó la decisión del árbitro y se refirió el caso nuevamente a la Junta de Relaciones del Trabajo.

(3) Que la Autoridad recurrió al Tribunal Supremo de Puerto Rico en solicitud de revisión, pero éste refirió el caso al entonces Tribunal Apelativo como un recurso de certiorari. El 31 de marzo de 1993, la Sección Norte del entonces Tribunal de Apelaciones falló a favor de la Autoridad resolviendo que es el Tribunal Superior de Puerto Rico y no la Junta de Relaciones del Trabajo, el que tiene jurisdicción para considerar la reclamación señalada."

Con estos hechos, los demandantes pretenden enfatizar que la Autoridad propone en aquellos casos que es el Tribunal Superior el foro con jurisdicción, contrario a lo que pretende establecer en el caso de autos.
Por otro lado, en su moción de oposición, los demandantes establecen sus razones por las cuales no debe aplicar en el caso de autos la doctrina de cosa juzgada.
Finalmente, el 13 de junio de 1995, la UTIER contestó la demanda incoada en su contra admitiendo todas y cada una de las alegaciones -de la demanda. Estableció como defensa afirmativa que "la Unión ha sometido querellas por horas sustituidas, como las reclamadas, mediante Procedimiento para Resolución de Querellas dispuesto en el Artículo XXXIX del Convenio Colectivo entre las co-demandadas y que la AEE se ha amparado precisamente en la Sección 12 de dicho Artículo para alegar que la jurisdicción no corresponde a los mecanismos de Resolución de Querellas allí establecidos."
Ante esta situación, el 28 de junio de 1995, el Tribunal de Primera Instancia dictó la siguiente resolución:

"Vista la solicitud de desestimación presentada por la demandada, el Tribunal la declara SIN LUGAR por entender que de acuerdo con el artículo XXXIX, sección 12 del convenio colectivo firmado entre las partes, este Tribunal tiene jurisdicción para intervenir en la reclamación formulada por la demandante en este caso y por no ser de aplicación la doctrina de cosa juzgada por no darse los elementos indispensables que requiere dicha doctrina."

*1080 Es de esta resolución que la Autoridad de Energía Eléctrica recurre ante nos.
II
El 15 de mayo de 1992 se firmó el Convenio Colectivo entre la Autoridad de Energía Eléctrica de Puerto Rico y la Unión de Trabajadores de la Industria Eléctrica y Riego de Puerto Rico (Independiente) cuya duración será del 16 de mayo de 1992 al 16 de mayo de 1998. Uno de los propósitos de este convenio es mantener la paz industrial y las mejores relaciones obrero patronales mediante acciones constructivas y de buena voluntad fijando condiciones satisfactorias para el patrono y el trabajador. 
Persiguiendo estos fines, el convenio define en su Art. XI los siguientes aspectos: día la-borable, jornada de trabajo, semana de trabajo y horas regulares de trabajo. Según la sección 1 de este artículo, ”[e]l día laborable comprenderá cualquier periodo [sic] de veinticuatro (24) horas consecutivas que se cuentan a partir de la hora en que el empleado deba empezar a trabajar y termina veinticuatro (24) horas después". La sección 2 del Art. XI del Convenio establece que "jija jornada de trabajo comprende las horas de trabajo durante las cuales rige el tipo básico de paga por hora regular de trabajo, fijada de acuerdo con la compensa-ción anual o por hora, según sea el caso, y se compone de siete y media (7 1/2) horas como máximo del día laborable".
Por su parte, la sección 3 del mencionado artículo nos dice que "[l]a semana de trabajo comprenderá cualquier periodo [sic] de siete (7) días consecutivos que se contarán a partir de la hora y día en que comienza el trabajo, de los cuales los primeros cinco (5) serán de trabajo y los dos (2) últimos serán libres. Durante la semana de trabajo se podrá requerir a los trabajadores para que trabajen al tipo básico de paga por hora regular de trabajo hasta un máximo de treinta y siete y media (37 1/2) horas durante los primeros cinco (5) días a razón de siete y media (71/2) horas diarias".
Si comparamos lo anterior con la legislación laboral vigente al momento del pleito nos podemos percatar de que hay una diferencia consistente en la cantidad de horas de trabajo que constituyen la jornada legal de trabajo y el horario regular y, por consiguiente, lo que a los fines de la legislación laboral se considerará horas extras. Según la legislación laboral "[ojcho horas de labor constituyen la jornada legal de trabajo en Puerto Rico. Cuarenta horas de labor constituyen una semana de trabajo". 29 L.P.R.A. see. 271. Por otro lado, se establece que "[sjon horas regulares de trabajo ocho horas durante cualquier período de veinticuatro horas consecutivas y cuarenta horas durante cualquier semana". 29 L.P.R.A. see. 272. A la luz de lo anterior es que se determinará, para fines de esta ley, lo que se considerará horas extras. 
En vista de lo anterior, llegamos a la conclusión de que el convenio colectivo modificó el horario de trabajo de los empleados de la Autoridad, creando una jornada de trabajo y un horario regular distinto al establecido por la legislación laboral. Por ende, al momento de dilucidar controversias en cuanto al número de horas trabajadas por un empleado de la Autoridad de Energía Eléctrica y la compensación a la que tiene derecho, es el convenio colectivo la fuente a la que se debe recurrir en busca del estado de derecho que les cobija.
El convenio colectivo establece, por otro lado, una diferenciación entre turnos rotativos y no rotativos. La sección 4 del Art. XI define que ”[l]os programas de turnos rotativos consistirán de cinco (5) días consecutivos de trabajo a razón de siete y media (7 1/2) horas diarias consecutivas y dos (2) días libres. Aquellos programas que no son de turnos rotativos serán ajustados a cinco (5) días consecutivos de trabajo y dos (2) días libres".
En el caso de autos se trata de empleados cuyos turnos no son rotativos a quienes alegadamente se le interrumpió su horario regular de trabajo. A estos efectos el art. XXX, que *1081 es el que define las compensaciones extraordinarias dentro del convenio, establece en su sección 2 lo siguiente:

"Aquel trabajador cuyo programa regular no sea de tumos rotativos y su horario regular es interrumpido se le compensará por las horas trabajadas en sustitución de sus horas regulares de trabajo, a doble el tipo regular de salario incluida la paga básica, mientras dure la sustitución."

La reclamación de los demandantes en el caso de epígrafe surge a raíz de una solicitud de compensación extraordinaria, conforme a derechos creados por el convenio colectivo. La compensación extraordinaria que reclaman los empleados en el caso de autos surge como resultado del acuerdo establecido en el convenio colectivo mediante el cual se establece que en caso de sustitución del horario regular de un empleado con turno no rotativo, se le deberá pagar el "horario sustituto" a doble el tipo regular mientras dure la sustitución. Por consiguiente, si la Autoridad incumple con su deber de pagar esta compensación extraordinaria, está incumpliendo con una de las cláusulas del convenio colectivo celebrado entre las partes.
Tratándose de una violación del convenio colectivo, la jurisdicción exclusiva para dirimir la controversia pertenece a la Junta de Relaciones del Trabajo de Puerto Rico y no a los Tribunales de Justicia. En el caso de autos no estamos ante una mera reclamación de salarios sino ante una imputación de práctica ilícita del trabajo por alegadas violaciones a las cláusulas del convenio colectivo.
La Ley Núm. 103 de 28 de junio de 1969, conocida como Ley de Relaciones del Trabajo, 11 L.P.R.A. see. 8 et seq., le confirió a la Junta de Relaciones del Trabajo de Puerto Rico jurisdicción exclusiva para intervenir en casos de prácticas ilícitas del trabajo en controversia con el derecho de los trabajadores de organizarse y negociar colectivamente. En J.R.T. v. A.C.A.A., 107 D.P.R. 84 (1978), el Tribunal Supremo de Puerto Rico estableció que constituye una práctica ilícita de trabajo bajo las disposiciones de la Ley de Relaciones del Trabajo de Puerto Rico la violación de los términos de un convenio colectivo. La Ley de Relaciones del Trabajo sustrajo de la jurisdicción ordinaria de los tribunales esa facultad, porque se consideró que sólo un organismo especializado y diseñado exclusivamente para ese propósito, como es la Junta de Relaciones del Trabajo, podría dar plena eficacia a los derechos de organización y negociación colectiva. F.S.E. v. J.R.T., 111 D.P.R. 505 (1981). Vease, además, Vega Colón v. Corporación Azucarera de Puerto Rico, 123 D.P.R. 859 (1989).
De acuerdo con lo anterior, concluimos que en el caso de autos nos encontramos ante una alegada violación de los términos de un convenio colectivo, lo que constituye una práctica ilícita de trabajo.
III
Por los fundamentos antes expuestos se revoca la resolución del Tribunal de Primera Instancia, Sala Superior de Ponce, de 28 de junio de 1995, y se ordena al tribunal recurrido que proceda a desestimar la demanda.
Lo acordó el Tribunal y lo certifica la señora Secretaria General.
María de la C. González Cruz
Secretaria General
*1082 ESCOLIOS 95 DTA 277
1. En adelante "la UTIER ".
2. Demanda sobre sentencia declaratoria, daflos y perjuicios y reclamación bajo convenio colectivo.
3. Se referIan a sentencia dictada por el entonces Tribunal Superior, Sala de Ponce (Hon. Elba Rosa RodrIguez Fuentes, J.) el 2 de diciembre de 1993, en el caso JAC-93-0369. En este caso el Tribunal desestimó dos querellas sobre salarios por falta de jurisdicción. Se solicitó la revision al Tribunal Supremo de Puerto Rico, pero dste Ia denego con un no ha lugar.
4. En esta ocasión el Tribunal Supremo de Puerto Rico expresó que obstante lo dispuesto en contrarlo en el convenio colectivo, en Vega Colon v. CorporaciOn Azucarera, 123 D.P.R. 859 (1989), resolviinos en una situaciOn andloga a la del caso de autos, que la querella constitula "no una reclamaciOn de salarios en s1 sino m%s bien una imputaciOn de violación a los términos del convenlo colectivo y de prdctica ilIcita de trabajo..." POT lo que tal reclamaciOn es de la competencia exciusiva de la Junta de Relaciones del Trabajo ".
5. Declaración de Principios del Convenio Colectivo, pág. 7.
6. Véase, 29 L.P.R.A. sec. 273.