Cruz **RODRIGUEZ SALGADO,**
Defendant, Appellant,

v.

**UNITED STATES of America,**
Appellee.

No. 5633.

United States Court of Appeals
First Circuit.

April 29, 1960.

**654**

Cruz Rodriguez Salgado, pro se, on brief for appellant on the merits and on memorandum in opposition to motion to dismiss.

Francisco A. Gil, Jr., U. S. Atty. and Raymond L. Acosta, Asst. U. S. Atty., San Juan, P. R., for appellee on motion to dismiss.

Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.

WOODBURY, Chief Judge.

The United States has moved to dismiss this appeal from an order of the United States District Court for the District of Puerto Rico denying a motion under Title 28 U.S.C. § 2255 to correct a sentence on the ground that the appeal

is wholly without merit and frivolous. There is no dispute over the facts.

In 1947 the court below gave the appellant, Cruz Rodriguez Salgado, a six months' sentence under § 2596 of the Internal Revenue Code of 1939, 53 Stat. 282, 26 U.S.C.A. § 2596, on his plea of guilty to the charge of acquiring marihuana in violation of § 2593(a) id., 26 U.S.C.A. § 2593(a). In March, 1957, he pleaded guilty in the same court to each of four counts of an indictment charging him and two others, *inter alia*, with offenses and conspiring to commit offenses described in part II of subchapter A of Chapter 39 of the Internal Revenue Code of 1954 as amended by the Narcotic Control Act of 1956 (70 Stat. 567) 26 U.S.C.A. § 4741 et seq., punishable under § 7237 of that code, as amended, 26 U.S.C.A. § 7237. The court postponed sentence and requested a pre-sentence investigation and report by its Probation Officer and in April, 1957, when Rodriguez appeared for sentence, the United States Attorney filed an information under § 7237(c) (2) of the 1954 Code setting forth Rodriguez' prior conviction. Rodriguez in open court admitted his identity and that he was the person previously convicted and the court below sentenced him as a second offender to 10 years on each count, the sentences to run concurrently.

■■ Rodriguez Salgado's contention that his conviction in 1947 was not for a felony but only for a minor offense that is to say, a misdemeanor, for the reason that he was then sentenced only to six months imprisonment, is obviously fallacious. In the first place, it would make no difference whether the offense for which he was sentenced in 1947 under § 2596 of the 1939 Code, which provided the punishment for violating § 2593(a) id. constituted a felony or not, for offenses punishable under § 2596 are specifically listed in § 7237(c) (1) (F) of the Internal Revenue Code of 1954 among the prior offenses to be counted in determining second offenses under § 7237(b) id. In the second place, the offense described in § 2593(a) of the Internal Revenue Code of 1939 made punishable by § 2596 id. as it stood in 1947, carried as maximum penalties a fine of not more than $2,000 or imprisonment for not more than 5 years or both. Thus, regardless of the sentence actually imposed, the offense constituted a felony as traditionally defined. See 18 U.S.C. (1946 ed.) § 541 and Title 18 U.S.C. § 1(1).

Rodriguez Salgado's other contention has to do with the provision of § 4774 of the Internal Revenue Code of 1954, 26 U.S.C.A. § 4774, as amended, providing that after the effective date of the Narcotic Control Act of 1956 certain sections of the Internal Revenue Code of 1954, some of which he was charged with violating "shall not apply to the Commonwealth of Puerto Rico unless the Legislative Assembly of the Commonwealth of Puerto Rico expressly consents thereto in the manner prescribed in the constitution of the Commonwealth of Puerto Rico for the enactment of a law."

■■ It is not and cannot successfully be contended that Congress lacks the power to extend the provisions of its legislation for the control of traffic in narcotic drugs to the Commonwealth of Puerto Rico. Moreno Rios v. United States, 1 Cir., 1958, 256 F.2d 68, 71. Nor is it questioned that in July, 1956, the Legislative Assembly of the Commonwealth of Puerto Rico, in accordance with local constitutional requirements, by Joint Resolution No. 1 approved by the Governor of the Commonwealth, expressly consented to the application to Puerto Rico of the sections listed in § 4774 of the Internal Revenue Code of 1954. The contention is that by § 4774 the Congress delegated its power to enact federal law to the Legislative Assembly of the Commonwealth of Puerto Rico with the result that the joint resolution of July, 1956, to become law, would have to be submitted to the President of the United States in accordance with federal constitutional requirements for the enactment of federal legislation. The contention really needs no refutation. It is enough to say that in its joint resolution the Legislative Assembly of Puerto Rico was not enacting

federal law. Congress did that in the Internal Revenue Code of 1954. The Puerto Rican legislature in its joint resolution only consented to the application of a federal law by grace of Congressional permission and that certainly is purely local legislation.

Rodriguez Salgado's remaining contention that he was entitled to be present in person in the court below at a hearing on his motion under Title 28 U.S.C. § 2255 is refuted by the fourth paragraph of the section which provides: "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing."

Judgment will be entered affirming the order of the District Court.