**NATIONAL LABOR RELATIONS BOARD, Petitioner,**

v.

**SECURITY NATIONAL LIFE INSURANCE COMPANY, Respondent.**

**No. 73-1167.**

United States Court of Appeals, First Circuit.

Argued Feb. 4, 1974.

Decided March 18, 1974.

Joseph C. Thackery, Atty., Washington, D. C., with whom Peter G. Nash, Gen. Counsel, John S. Irving, Deputy Gen. Counsel, Patrick Hardin, Associate Gen. Counsel, Elliott Moore, Asst. Gen. Counsel, and William F. Wachter, Atty., Washington, D. C., were on brief, for petitioner.

Federico A. Cordero, Santurce, P. R., for respondent.

Before COFFIN, Chief Judge, McENTEE and CAMPBELL, Circuit Judges.

PER CURIAM.

Respondent, Security National Life Insurance Company, was found by an Administrative Law Judge of the National Labor Relations Board to have vi-

olated section 8(a)(3) and (1) of the National Labor Relations Act, in that it discharged employee Aureo Rivera because of his union activities, and to have violated section 8(a)(1) of the Act in that it interfered with, restrained and coerced its employees in the exercise of rights guaranteed them under the Act. The decision of the Administrative Law Judge was affirmed by a panel of the Board and is here on application for enforcement of the Board's order. Respondent argues that the Board lacked jurisdiction to act against it because in doing so it applied the National Labor Relations Act to Puerto Rico and thereby violated the terms of the "compact" which defines Puerto Rico's present political relationship with the federal government. Respondent also disputes the factual findings made by the Board. We find neither ground persuasive and grant the Board's application.

■ The substantive claim presented by respondent challenges certain fact and credibility determinations made by the Administrative Law Judge and upheld by the Board. We need no citations for the proposition that credibility determinations are given great respect by courts, which recognize that the fact finder is in the best position to evaluate the demeanor of the witness. And we find the questions raised about the documentary evidence in the hearing unconvincing as well as insignificant when the totality of the evidence is considered. Consideration of the whole record, particularly in light of the limited scope of review, convinces us that we must uphold the Board's determination.

■■ Respondent's jurisdictional argument is a more significant, if no less clear cut, question. In NLRB v. Gonzalez Padin Co., 161 F.2d 353 (1st Cir. 1947), we found the National Labor Re-

lations Act applicable to Puerto Rico. After Puerto Rico had achieved Commonwealth status the question of the continued applicability of the Act was presented to the National Labor Relations Board in Xavier Zequeira, 102 N. L.R.B. 874 (1953). In that case the Board held that the Act remained operative in the new Commonwealth. In Sixto Ortega, 110 N.L.R.B. 1917 (1954), the Board stated that it would thereafter apply the Act to Puerto Rico utilizing the same jurisdictional standards as are operative in applying the Act to the states, and respondent apparently concedes that this standard was adhered to in this case.[1]

The question of the power of the Congress to apply national legislation to Puerto Rico after 1952 is dealt with in Caribtow Corp. v. Occupational Safety and Health Review Commission, 493 F. 2d 1064, decided by us this day. In that case we found that laws of general applicability enacted after 1952 may be applied to Puerto Rico in conformity with Public Law 600, which established the legal framework for Commonwealth status, and which was adopted by the people of Puerto Rico "in the nature of a compact". This case presents a simpler issue. It has been held many times that laws in force prior to 1952 remained operative in Puerto Rico under the terms of section 9 of the Puerto Rican Federal Relations Act, which provides in pertinent part that, "The statutory laws of the United States not locally inapplicable, except as hereinbefore or hereinafter otherwise provided, shall have the same force and effect in Puerto Rico as in the United States . . . ." 48 U. S.C. § 734. Respondent does not claim that the National Labor Relations Act is "locally inapplicable" or that any exception to applicability to Puerto Rico has

---

1. The Administrative Law Judge found that respondent received more than $500,000 in insurance premiums during the calendar year, of which more than $50,000 was received from policies outside Puerto Rico.

The company was also found to have received substantial amounts of reinsurance from outside of the Commonwealth and to have paid some $5,000 to beneficiaries outside of Puerto Rico.

been provided.[2] As was said in United States v. DeJesus, 289 F.2d 37, 40 (2d Cir. 1961), "it was not necessary for the Congress to alter specifically all outstanding statutes theretofore previously applicable in order to continue their effectiveness in Puerto Rico after it became a commonwealth in 1952." *Accord:* Rodriguez Salgado v. United States, 277 F.2d 653 (1st Cir. 1960); Sanchez v. United States, 256 F.2d 73 (1st Cir. 1958); Moreno Rios v. United States, 256 F.2d 68 (1st Cir. 1958). *See also* Magruder, The Commonwealth Status of Puerto Rico, 15 U.Pitt.L.Rev. 1, 17 (1953).

Respondent contends that since Puerto Rico is not a "state" the Commerce Clause does not apply to it,[3] and that since it is not a "territory" the Territorial Clause, Art. IV, section 3, clause 2, does not apply.[4] From this premise it is further contended that since neither of these Constitutional grants of power to Congress applies to a "Commonwealth", that Congress has no power to legislate concerning Puerto Rico. We think this argument places too much emphasis on labels and not enough on logic. What is determinative, as we say analogously in *Caribtow*, is that application of the National Labor Relations Act to Puerto Rico is consonant with the "compact". One or both of these Constitutional provisions clearly underlies such Congressional action and thus clearly supports application of the Act to this case.

The order will be enforced.

---

2. Respondent notes that Puerto Rico has its own Labor Relations Act and asserts that the national and local acts cannot coexist. But in NLRB v. Gonzalez Padin Co., *supra*, we rejected a similar argument in 1947, and, in view of the fact that many states also have their own laws dealing with labor relations, we see no conflict or anomaly in the current situation.

3. *See also* Buscaglia v. Ballester, 162 F.2d 805 (1st Cir.), cert. denied, 332 U.S. 816, 68

S.Ct. 154, 92 L.Ed. 393 (1947), and discussion of this point in *Caribtow*.

4. Art. IV, section 3, clause 2 provides in part: "The Congress shall have Power to dispose of and make all needful Rules and Regulations respecting the Territory or other Property belonging to the United States." *See* People of Puerto Rico v. Shell Co., 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937).