El Juez Asociado Señor Martínez Torres
emitió la opinión del Tribunal.
Se nos solicita en este recurso la revocación de una sentencia emitida por el Tribunal de Apelaciones. En dicha sentencia, el foro apelativo intermedio confirmó el dicta-men del Tribunal de Primera Instancia, que declaró “sin lugar” una moción de desestimación presentada por el Hotel Mayagüez Resort & Casino (Hotel). Debemos resolver si el foro primario carece de jurisdicción para atender la reclamación del demandante según la doctrina de campo ocupado. Resolvemos que la jurisdicción es de la Junta Na *852 cional de Relaciones del Trabajo, por lo que se desestima la demanda.
I
El 13 de junio de 2006, el Sr. Enrique González Sotomayor, empleado del Hotel, presentó una querella según el procedimiento sumario que dispone la Ley Núm. 2 de 17 de octubre de 1961 (32 L.RR.A. see. 3118 et seq.). Según surge de la querella enmendada, el empleado reclamó un remedio al amparo de la Ley Núm. 80 de 30 de mayo de 1976 (29 L.P.R.A. sec. 185(a) et seq.) (Ley de Despido Injustificado), de la Ley Núm. 115 de 20 de diciembre de 1991 (29 L.P.R.A. see. 194 et seq.) (Ley de Represalias) y del Art. II, Secs. 16, 17 y 18, de la Constitución de Puerto Rico, L.P.R.A., Tomo 1.
Según las alegaciones del propio recurrido, el 10 de marzo de 2006 éste solicitó a la gerencia del Hotel una reunión para plantear unos asuntos relacionados con su trabajo y sus derechos como empleado. La gerencia del Hotel le notificó por escrito que accedían a su pedido y citaron a todo el personal de su área a una reunión oficial. Ese mismo día, el supervisor del empleado le recriminó la solicitud y sus motivos. El día señalado, el empleado acudió al área donde estaba pautada la reunión, pero fue llevado a la oficina de recursos humanos, donde fue despedido; esto es, que el mismo día cuando se concedió al recurrido la reunión que solicitó, fue despedido. Por esta razón, el recurrido no pudo estar presente en la reunión. En la querella, éste añadió que “[hjuelga decir que la reunión nunca se llevó a cabo”. Apéndice de la Petición de certiorari, pág. 9.
El empleado argüyó expresamente en su querella que la razón de su despido fue por el “uso válido de su derecho constitucional de participar en actividades concertadas y a reclamar derechos que como empleado le corresponden”. Apéndice de la Petición de certiorari, pág. 9. En la querella éste manifestó que el Hotel entendía que “estaba tratando de organizar a los empleados de su departamento y proce *853 dió a despedirlo; en violación a [sus] derechos constitucionales”. Id. El empleado concluye en la querella que por razón “del despido inconstitucional” procedía una indemnización de $13,510, al amparo de la Ley de Despido Injustificado.
El 22 de junio de 2006, el Hotel presentó su contestación a la querella enmendada. En ésta, el Hotel contestó las alegaciones hechas por el recurrido y solicitó la desestimación del recurso por falta de jurisdicción. En específico, discutió varias veces en ese escrito que la Junta Nacional de Relaciones del Trabajo tenía jurisdicción exclusiva, porque el campo está ocupado por la legislación federal.
El 8 de febrero de 2007, el recurrido sometió un memorando de derecho en donde expresó que ejercitaba dos causas de acción, a saber, una por el despido sin justa causa y otra por las represalias que sufrió tras solicitar la discusión de situaciones que afectaban a todos los empleados en su área de trabajo. Según las alegaciones del recurrido, “la razón para haberlo despedido fue el hecho de que [é]ste había solicitado una reunión a la Gerente de Recursos Humanos, para discutir ciert[a]s situaciones en su área de trabajo, las cuales le estaban afectando a él y a sus compañeros”. Apéndice de la Petición de certiorari, pág. 28. Además, el recurrido argüyó que su despido justo antes de la reunión solicitada fue en represalia por sus actuaciones. En ese escrito, el recurrido manifestó que solicitó la reunión para discutir “condiciones de trabajo” y que se le despidió por “pedir reunirse para discutir asuntos concernientes a su trabajo”. Id., págs. 32-33. Cabe destacar que la reunión fue solicitada por el recurrido y por otro empleado de su departamento, el Sr. Raymond Betances López. Id., pág. 34.
El 16 de marzo de 2007, el Hotel presentó una moción de desestimación de la querella por falta de jurisdicción sobre la materia. La moción se sustentó en que las alegaciones del empleado se basan en la supuesta violación de derechos consagrados en legislación federal que ha privado de jurisdicción a los tribunales estatales. Razonó el Hotel *854 que la Ley Taft-Hartley, 29 U.S.C.A. sees. 157 y 158, por disposición expresa, prohíbe el ejercicio de jurisdicción de los tribunales de justicia locales. El Hotel expuso en la moción que, según las alegaciones de la querella, las reclamaciones del recurrido se fundamentan en violaciones de derechos reconocidos por la legislación federal que expresamente ha ocupado el campo y privado al Tribunal de Primera Instancia de jurisdicción sobre el asunto.
El Tribunal de Primera Instancia, el 23 de abril de 2007, declaró “no ha lugar” la moción del Hotel. Inconforme con esta determinación, el Hotel acudió al Tribunal de Apelaciones, el cual confirmó la resolución emitida por el foro primario.
El Hotel acude ante nos y, en síntesis, alega que incidió el foro apelativo intermedio al no determinar que el Tribunal de Primera Instancia carecía de jurisdicción para atender la controversia. Además, expone que la reclamación no cumple con los elementos necesarios para una acción al amparo de la Ley Núm. 115, supra.
Expedimos el auto de certiorari. Debidamente sometidos los alegatos de las partes, procedemos a resolver la controversia planteada.
II
A. La controversia principal que se nos plantea aquí es si el Tribunal de Primera Instancia tiene la autoridad para atender la reclamación de un obrero que solicita un remedio al amparo de la legislación local y que arguye que su despido fue en represalia a sus acciones concertadas para reclamar derechos laborales.
La Regla 10.2 de Procedimiento Civil, 32 L.P.R.A. Ap. III, establece la falta de jurisdicción sobre la materia como fundamento para solicitar la desestimación de una reclamación. Este Tribunal ha expresado que la jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir un caso o controversia. ASG v. Mun. *855 San Juan, 168 D.P.R. 337 (2006). La Regla 10.2, supra, recoge defensas que pueden plantearse, a opción del demandado, en una moción de desestimación antes de contestar o en la misma contestación a la demanda. R. Hernández Colón, Práctica jurídica de Puerto Rico: derecho procesal civil, 4ta ed., San Juan, Ed. Lexisnexis, 2007, See. 2601, pág. 230.
Ahora bien, la Regla 10.2, supra, recoge algunas defensas que son privilegiadas y que pueden argumentarse en cualquier momento durante el proceso. Hernández Colón, op. cit., pág. 234. La Regla 10.8(c) de Procedimiento Civil, 32 L.P.R.A. Ap. III, dispone que “[s]iempre que surja, por indicación de las partes o de algún otro modo, que el tribunal carece de jurisdicción sobre la materia, éste desestimará el pleito”. Según esta disposición, se puede desestimar una reclamación por ser de la jurisdicción de una agencia administrativa o de la esfera federal. Hernández Colón, op. cit. pág. 234. Esto significa que es al amparo de la referida Regla 10.8(c) que se ordena a los tribunales locales desestimar una acción civil cuando surge la falta de jurisdicción sobre la materia ante el foro aludido.
Anteriormente, hemos sido enfáticos en que la ausencia de jurisdicción sobre la materia trae consigo las consecuencias siguientes: (1) no es susceptible de ser subsanada; (2) las partes no pueden voluntariamente conferírsela a un tribunal como tampoco puede éste arrogársela; (3) conlleva la nulidad de los dictámenes emitidos; (4)impone a los tribunales el ineludible deber de auscultar su propia jurisdicción; (5) impone a los tribunales apelativos el deber de examinar la jurisdicción del foro de donde procede el recurso, y (6) puede presentarse en cualquier etapa del procedimiento, a instancia de las partes o por el tribunal motu proprio. Pagán v. Alcalde Mun. de Cataño, 143 D.P.R. 314, 326 (1997). Véase Vázquez v. A.R.Pe., 128 D.P.R. 513 (1991). Tan pronto el tribunal determine que no tiene jurisdicción sobre la materia, está obligado a desestimar el caso. Regla 10.8(c) de Procedimiento Civil, 32 *856 L.P.R.A. Ap. III; Pagán v. Alcalde Mun. de Cataño, supra, pág. 326.
“Las cuestiones de jurisdicción[,] por ser privilegiadas [,] deben ser resueltas con preferencia, y de carecer un tribunal de jurisdicción lo único que puede hacer es así declararlo.” Autoridad Sobre Hogares v. Sagastivelza, 71 D.P.R. 436, 439 (1950). Véase, además, Pérez Rosa v. Morales Rosado, 172 D.P.R. 216, 222 (2007). Al hacer esta determinación, debe desestimarse la reclamación “sin entrar en los méritos de la cuestión ante sí”. González Santos v. Bourns P.R., Inc., 125 D.P.R. 48, 63 (1989).
B. Como norma general, los tribunales estatales tienen jurisdicción o autoridad para atender todo asunto al amparo de las leyes estatales y jurisdicción concurrente con los tribunales federales para atender asuntos que surjan bajo el palio de las leyes federales. Tafflin v. Levitt, 493 U.S. 455 (1990). Ahora bien, hay una jurisdicción exclusiva del Gobierno federal sobre los asuntos de derecho federal cuando el Congreso dispone expresamente para ello o cuando la intención clara de la ley es privar a los tribunales estatales de la autoridad sobre ese asunto federal. Rodríguez v. Overseas Military, 160 D.P.R. 270, 277-278 (2003); Yellow Freight System, Inc. v. Donnelly, 494 U.S. 820, 823 (1990). Además, en Rodríguez v. Overseas Military, supra, resolvimos que aun en un enclave federal, cuando no hay legislación federal que atienda una controversia directamente, aplica la ley estatal si ésta no ha sido desplazada por el Congreso.
La doctrina de ocupación del campo se ha desarrollado para evitar conflictos regulatorios y fomentar así una política uniforme. Rivera v. Security Nat. Life Ins. Co., 106 D.P.R. 517, 523 (1977). El Congreso puede ocupar el campo de un asunto federal y excluir la regulación local. English v. General Electric Co., 496 U.S. 72, 78-79 (1990).
La legislación federal para regular las relaciones obrero-patronales se promulga por autoridad de la Cláusula de Comercio de la Constitución de Estados Unidos. D. *857 Fernández y C. Romany, Derecho Laboral: Casos y Materiales, Río Piedras, Ed. U.P.R., 1987, T. I, pág. 53. En el ejercicio de su autoridad discrecional, el Congreso extendió a Puerto Rico la aplicación de la ley.(1) El Tribunal Supremo de Estados Unidos ha expresado: “[i]t is clearly within Congress’ powers to establish an exclusive federal forum to adjudicate issues of federal law in a particular area that Congress has the authority to regulate under the Constitution.” Longshoremen v. Davis, 476 U.S. 380, 388 (1986).
Los problemas jurisdiccionales bajo la doctrina de campo ocupado tienen dos aspectos, a saber, el legislativo y el adjudicativo. El concepto jurisdicción legislativa versa sobre quién tiene la facultad para regular, mediante legislación, determinada materia, hecho o situación. ... [L]a jurisdicción legislativa se refiere a qué ley aplica a determinada controversia .... Mientras que, por otro lado, la jurisdicción judicial se refiere a cuál tribunal (estatal o federal) está autorizado para atender en las controversias que se susciten dentro del enclave”. (Cita omitida.) Rodríguez v. Overseas Military, supra, pág. 279.
El Congreso aprobó en 1947 la ley federal Labor Management Relations Act of 1947, también conocida como la Ley Taffc-Hartley. 29 U.S.C.A. see. 141 et seq. Esta ley reconoce el derecho de los trabajadores a organizarse y a negociar colectivamente con su patrono sobre los asuntos relativos al empleo. Es decir, el estatuto otorga a los empleados cubiertos el derecho de adelantar colectivamente sus intereses. De este modo, los empleados pueden procurar el establecimiento y seguimiento de normas para mejorar sus condiciones de trabajo. Muchos de estos logros in *858 cluyen reglas de antigüedad como base para adquirir derechos.
El estatuto dispone, en lo pertinente:
Employees shall have the right to self-organization, to form, join, or assist labor organizations, to bargain collectively through representatives of their own choosing, and to engage in other concerted activities for the purpose of collective bargaining or other mutual aid or protection, and shall also have the right to refrain from any or all of such activities except to the extent that such right may be affected by an agreement requiring membership in a labor organization as a condition of employment as authorized in section 158(a)(3) of this title. 29 U.S.C.A. sec. 157.
Por otra parte, la ley establece como prácticas ilícitas del trabajo el interferir con el ejercicio de los derechos garantizados en 29 U.S.C.A. see. 157, y el interferir con la formación de una organización laboral. 29 U.S.C.A. see. 158(a)(1) y (2). Según esta disposición federal, se considera una práctica ilegal del patrono el interferir, restringir o coaccionar a sus empleados en el ejercicio de sus derechos de acuerdo con 29 U.S.C.A. see. 157. Entre éstos se encuentra el derecho a organizarse y a realizar actividades concertadas para negociar colectivamente o para ayudarse mutuamente. Para velar por el cumplimiento de esta ley se creó la Junta Nacional de Relaciones del Trabajo (Junta Nacional). 29 U.S.C.A. see. 153.
La Sec. 10 de la ley federal, 29 U.S.C.A. see. 160, reconoce la jurisdicción exclusiva de la Junta Nacional para resolver controversias que involucran una práctica ilícita del trabajo. Garner v. Teamsters Union, 346 U.S. 485 (1953). Además, se ha reconocido la aplicación de la doctrina de campo ocupado a la reglamentación de la actividad protegida por la See. 7, supra, o cuando la regulación estatal entra en conflicto con la intención del Congreso. Machinists v. Wisconsin Emp. Rel. Comm’n, 427 U.S. 132 (1976). Esto se debe a la necesidad de uniformar ciertos aspectos de la actividad sujeta a regulación. San Diego Unions v. Garmon, 359 U.S. 236, 242-243 (1959). El dis *859 crimen por afiliación sindical es una práctica ilícita de trabajo que confiere jurisdicción exclusiva a la Junta Nacional. Vargas v. Molinos Nacionales, Inc., 134 D.P.R. 919 (1993).
La Sec. 10(a) de la Labor Management Relations Act dispone:

Sec. 160. Prevention of unfair labor practices

(a) Powers of Board generally
The Board is empowered, as hereinafter provided, to prevent any person from engaging in any unfair labor practice (listed in section 158 of this title) affecting commerce. This power shall not be affected by any other means of adjustment or prevention that has been or may be established by agreement, law, or otherwise: Provided, That the Board is empowered by agreement with any agency of any State or Territory to cede to such agency jurisdiction over any cases in any industry (other than mining, manufacturing, communications, and transportation except where predominantly local in character) even though such cases may involve labor disputes affecting commerce, unless the provision of the State or Territorial statute applicable to the determination of such cases by such agency is inconsistent with the corresponding provision of this subchapter or has received a construction inconsistent therewith. 29 U.S.C.A. sec. 160(a).
Hay jurisdicción exclusiva de la Junta Nacional sobre las actividades protegidas por la See. 7, supra, o que constituyen una práctica ilícita del trabajo según la Sec. 8 (29 U.S.C.A. sec. 158). Longshoremen v. Davis, supra. En otras palabras, la jurisdicción exclusiva de la Junta Nacional se da en aquellos casos en que la actividad particular se encuentra regulada por las Sees. 7 u 8 de la ley federal Taft-Hartley, supra.
Sin embargo, un estado puede reglamentar las actividades de carácter marginal (peripheral) a la ley federal. Belknap, Inc. v. Hale, 463 U.S. 491, 498 (1983); Farmer v. Carpenters, 430 U.S. 290, 296 (1977). Además, puede haber jurisdicción estatal cuando la conducta reglamentada por el estado contiene un alto interés, profundamente arraigado a su gobierno, y está ausente la intención clara del Congreso para suprimir dicha jurisdicción estatal. Belk *860 nap, Inc. v. Hale, supra; San Diego Unions v. Garmon, supra, pág. 244. En cambio, los estados y Puerto Rico no tienen facultad para intervenir en los asuntos bajo la jurisdicción exclusiva de la Junta Nacional. Rivera v. Security Nat. Life Ins. Co., supra.
Sobre la doctrina de campo ocupado, el Tribunal Supremo de Estados Unidos expresó en Sears, Roebuck & Co. v. Carpenters, 436 U.S. 180, 197 (1978):
The critical inquiry, therefore, is not whether the State is enforcing a law relating specifically to labor relations or one of general application but whether the controversy presented to the state court is identical to (as in Garner) or different from (as in Farmer) that which could have been, but was not, presented to the Labor Board. For it is only in the former situation that a state court’s exercise of jurisdiction necessarily involves a risk of interference with the unfair labor practice jurisdiction of the Board which the arguably prohibited branch of the Garmon doctrine was designed to avoid.
Un tribunal o una agencia estatal puede ejercer su jurisdicción sobre disputas obrero-patronales cuando la agencia federal decline ejercitar su autoridad. Fernández y Romany, op. cit., pág. 56. En Puerto Rico, la Junta de Relaciones del Trabajo está facultada para asumir jurisdicción exclusiva en aquellos casos en que la Junta Nacional se niegue a ejercer su autoridad. Vargas v. Molinos Nacionales, Inc., supra; Fernández y Romany, op. cit., pág. 57. La Junta de Relaciones del Trabajo de Puerto Rico tiene jurisdicción exclusiva para atender controversias predicadas en alguna práctica ilícita de trabajo. 29 L.P.R.A. sec. 68(a); Plan de Salud U.I.A. v. A.A.A., 169 D.P.R. 603 (2006); Martínez Rodríguez v. A.E.E., 133 D.P.R. 986 (1993). Igualmente, una actividad patronal que interfiera o restrinja los derechos de los obreros a organizarse y negociar colectivamente es una práctica ilícita de trabajo sujeta a la jurisdicción exclusiva de la Junta de Relaciones del Trabajo. F.S.E. v. J.R.T., 111 D.P.R. 505 (1981).
*861 III
En esta ocasión debemos resolver si la querella traída ante el Tribunal de Primera Instancia por el señor González Sotomayor era una controversia de la exclusiva jurisdicción de la Junta Nacional. Resolvemos en la afirmativa.
Según las propias afirmaciones del querellante: primero, éste solicitó reunirse con su patrono para reclamar sus derechos y para discutir situaciones en su trabajo que le afectaban a él y a sus compañeros; segundo, fue despedido el mismo día de la reunión, en represalia por ejercitar su derecho a realizar actividades concertadas para reclamar sus derechos como empleado. Específicamente, el propio querellante arguye que se violaron sus derechos, ya que el Hotel entendía que trataba de organizar a los empleados. Alega el querellante, aquí recurrido, que el despido que sufrió fue producto de su pedido para discutir condiciones de trabajo que afectaban a todos los empleados en su área de trabajo. Es evidente que el reclamo del querellante se fundamenta en las represalias que él alega que ha sufrido por realizar “actividades concertadas” en relación con los derechos de índole obrero-patronal.
Cuando un tribunal ausculta su jurisdicción, debe examinar si puede adjudicar válidamente la reclamación presentada ante su consideración. En relación con la Ley Taft-Hartley, el Congreso, dentro de su poder, ha ocupado el campo, lo que impide la reglamentación de la actividad protegida por la See. 7 de esta ley, supra, y ha conferido la jurisdicción exclusiva sobre estos asuntos a la Junta Nacional. Vargas v. Molinos Nacionales, Inc., supra; Machists v. Wisconsin Emp. Rel. Comm’n, supra. Un empleado que reclame que fue despedido por realizar una actividad protegida por la Ley Taft-Hartley, sólo tiene derecho al remedio que le concede dicha ley. Los tribunales locales no tienen facultad para intervenir en estos asuntos. Rivera v. Security Nat. Life Ins. Co., supra.
*862 Para determinar si un tribunal local puede adjudicar una controversia bajo esta ley, hay que examinar si la controversia es idéntica o diferente de la que ha podido ser presentada ante la Junta Nacional. Sears, Roebuck & Co. v. Carpenters, supra. Precisamente cuando la conducta alegada está sujeta a ser sancionada por la Ley Taft-Hartley es que opera la doctrina de jurisdicción exclusiva de la Junta Nacional.
“Precisa destacar que el análisis de desplazamiento se efectúa tomando en consideración el tipo de conducta involucrada y no la naturaleza del remedio solicitado.” (Enfasis en el original.) Díaz Arroyo v. Hosp. Dr. Susoni, 169 D.P.R. 53, 64 (2006), opinión de conformidad de la Juez Asociada Señora Rodríguez Rodríguez, a la que se unió el Juez Presidente Señor Hernández Denton. Véanse: Plumbers’ Union v. Borden, 373 U.S. 690 (1963); San Diego Unions v. Garmon, supra. Es decir, la jurisdicción exclusiva de la Junta Nacional “depende del tipo de conducta implicada y no de la naturaleza del remedio solicitado”. Díaz Arroyo v. Hosp. Dr. Susoni, supra, páq. 80, opinión disidente emitida por la Jueza Asociada Señora Fiol Matta. Al respecto, la Junta Nacional tiene “jurisdicción exclusiva para atender los reclamos que surjan al amparo de la ley, en particular, las conductas protegidas por la See. 7 del National Labor Relations Act ... o las conductas que constituyan una práctica ilícita bajo la See. 8 de esta ley”. Díaz Arroyo v. Hosp. Dr. Susoni, supra, pág. 80.
En Vargas v. Molinos Nacionales, Inc., supra, declaramos que la reclamación allí contenida era materia de ex-clusiva jurisdicción de la Junta Nacional y que correspondía a dicha entidad, en primera instancia, pasar juicio sobre la controversia. En aquella ocasión, se trataba de reclamaciones de indemnización por despido injustificado, discrimen sindical y falta al deber de una justa representación. Este Tribunal desestimó la reclamación, pues “[e]n la demanda y en la demanda enmendada de este caso se alegó específicamente que los demandados ‘no re *863 chitaron nuevamente a los demandantes ... por estar éstos afiliados a la Unión de Trabajadores’ ” y que “[l]os propios demandantes denominaron tal alegación un ‘discrimen perjudicial’ por sus actividades obreras”. íd., pág. 926. Para esto, concluimos que estas alegaciones describen una práctica ilícita que está regulada por la Ley Taft-Hartley.
De igual modo, en Díaz Arroyo v. Hosp. Dr. Susoni, supra, desestimamos el recurso incoado debido a la normativa federal. En dicha demanda, los familiares de una empleada despedida reclamaron una indemnización por daños y perjuicios. La reclamación se fundamentó en que el despido de la empleada fue discriminatorio y como resultado de su activismo sindical. Debido a que una de las cuestiones a adjudicar era si el patrono incurrió en un discrimen sindical, procedía desestimar, ya que el asunto era de la exclusiva jurisdicción de la Junta Nacional. “Es menester resaltar que la doctrina de desplazamiento en el ámbito laboral impide que un tribunal de un estado o del Estado Libre Asociado atienda una conducta proscrita por la [Junta Nacional], independientemente de si la misma violenta, a su vez, derechos constitucionales o alguna legislación laboral estatal.” Id., pág. 72 esc. 13, opinión de conformidad de la Juez Asociada Señora Rodríguez Rodríguez, a la que se unió el Juez Presidente Señor Hernández Denton.
Las alegaciones del aquí recurrido establecen una conducta regulada y catalogada como práctica ilícita al amparo de una ley. Esto es, el recurrido alega que ocurrió una conducta proscrita por la See. 8 de la Ley Taft-Hartley, 29 U.S.C.A. see. 158. Según sus propias alegaciones, el recurrido pretende dirimir, entre otras cosas, si su despido fue en represalia por su gestión para reclamar los derechos que le correspondían a él y a sus compañeros. Es el recurrido quien alega que el Hotel entendía que trataba de organizar a los empleados. Determinar qué constituye una interferencia con una acción concertada protegida y adjudicar los hechos que configurarían o no dicha práctica ilícita, es jurisdicción exclusiva de la Junta Nacional. Si hu *864 biera que adjudicar los hechos que configuran la práctica ilícita como paso previo para establecer la jurisdicción ex-clusiva de la Junta Nacional, se echaría por la borda el desplazamiento que ordena la ley federal. En efecto, el tribunal incurriría en el contrasentido de intervenir en los méritos de la controversia para decidir entonces que no puede hacerlo.
Conforme a lo antes enunciado, constituye una práctica ilícita del trabajo el interferir con los derechos garantizados por la See. 7, supra, esto es, el interferir con la formación de una organización laboral. Las actividades realizadas por el recurrido, según sus alegaciones, iban dirigidas a organizar a los empleados de su área y a solicitar los derechos que entendía que correspondían a todos. El despido en alegada represalia por dicho intento de organización es un asunto tratado por la ley federal y de jurisdicción exclusiva de la Junta Nacional.
Al evaluar los planteamientos del señor González Soto-mayor, es forzoso concluir que su reclamación debe hacerse ante la Junta Nacional. De prosperar sus alegaciones, estaríamos ante una práctica ilícita del trabajo cobijada por la Ley Taffc-Hartley. Según el derecho antes descrito y los hechos argüidos, es la Junta Nacional el foro con jurisdicción exclusiva para atender el asunto. Los tribunales locales carecen de jurisdicción para atender esta queja.
En conclusión, ante la ausencia de jurisdicción sobre la materia, un tribunal sólo puede desestimar el asunto ante sí; nada más. Por definición, esa desestimación tiene que basarse en lo que se alega, pues el foro con jurisdicción exclusiva es el único autorizado a estimar cuáles son los hechos probados, luego de sopesar la evidencia que en su día las partes presenten. En otras palabras, cuando la desestimación se basa en la jurisdicción exclusiva de otro foro, precisamente es ese otro foro el que está llamado a dilucidar la controversia. Esta adjudicación no puede ser válidamente hecha por un foro sin jurisdicción. Un tribunal no puede asumir jurisdicción donde no la *865 tiene. S.L.G. Szendrey-Ramos v. F. Castillo, 169 D.P.R. 873, 882 (2007); Morán v. Marti, 165 D.P.R. 356, 364 (2005); Martínez v. Junta de Planificación, 109 D.P.R. 839, 842 (1980).
IV
Por los fundamentos antes expuestos, se revoca la sentencia recurrida, emitida por el Tribunal de Apelaciones, Región Judicial de Aguadilla. En su lugar, se declara “con lugar” la moción de desestimación presentada por el Hotel y se dicta sentencia de conformidad, mediante la cual se desestima la querella por falta de jurisdicción.
La Jueza Asociada Señora Fiol Matta disintió con una opinión escrita, a la que se unió el Juez Presidente Señor Hernández Denton. La Juez Asociada Señora Rodríguez Rodríguez concurrió sin opinión escrita.

 “No cabe duda, ni se cuestiona en este recurso, que la ley federal conocida como ‘Labor-Management Relations Act of 194T, supra, es de aplicación a Puerto Rico. Véanse: Ley de Relaciones Federales con Puerto Rico, See. 9, 48 U.S.C.A. sec. 734; N.L.R.B. v. Security National Life Insurance Co., 494 F.2d 336 (1st Cir.1974).” Rivera v. Security Nat. Life Ins. Co., 106 D.P.R. 517, 522 (1977).