Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| | | |
|---|---|---|
| JUNTA DE RELACIONES DEL TRABAJO DE PUERTO RICO<br><br>*Apelado*<br><br>v.<br><br>CORPORACIÓN DEL FONDO DEL SEGURO DEL ESTADO<br><br>*Apelante* | KLAN202401094 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>SJ2024CV08098<br><br>Sobre:<br>Petición de Orden |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Adames Soto y la Jueza Santiago Calderón

Santiago Calderón, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 11 de marzo de 2025.

Comparece la Corporación del Fondo del Seguro del Estado (CFSE o parte apelante), mediante recurso de *Apelación* y nos solicita que revisemos la *Sentencia*[1] dictada el 2 de enero de 2024, y notificada el 3 de enero de 2024, por el Tribunal de Primera Instancia, Sala Superior de San Juan (TPI o foro primario). Mediante el referido dictamen, el TPI desestimó la causa de acción presentada por la parte apelante.

Por los fundamentos que expondremos a continuación, **confirmamos** la *Sentencia* impugnada.

**I.**

La génesis de este caso se remonta a cuando la Unión de Empleados de la Corporación del Fondo del Seguro del Estado (UECFSE) presentó una *Apelación*[2] en el 2017, ante la Junta de Relaciones del Trabajo de Puerto Rio (JRT), sobre la determinación tomada por el administrador de la CFSE mediante el *Memorando*

---
[1] Véase Apéndice A de la apelación.
[2] Véase Apéndice B de la apelación, pág. 14.

*Especial Núm. 2017-20 de 26 de mayo de 2017*, el cual tuvo el efecto de dejar sin efecto la licencia sindical del presidente de la UECFSE, en ese entonces, el señor Francisco Reyes Márquez. La directriz del Administrador de la CFSE surgió como consecuencia de la implementación de la *"Ley de Cumplimiento con el Plan Fiscal"*[3]. La UECFSE alegó que, al amparo de la Ley 66-2014[4], las partes firmaron unas estipulaciones, las cuales se extendieron la vigencia del convenio hasta el 2021; además, que la interpretación realizada por la CFSE sobre la *"Ley de Cumplimiento con el Plan Fiscal",* Ley 26-2017, es errada, porque la licencia sindical no es un beneficio marginal, debido a que no aplica uniformemente a todos los trabajadores.

Luego de múltiples trámites procesales, el 7 de noviembre de 2019, la oficial examinadora de la JRT emitió un *Informe y Recomendaciones del Oficial Examinador*[5] en el cual, determinó diecisiete (17) hechos incontrovertidos. Además, examinó la prueba testifical, 9 documentos que fueron admitidos como exhibits y tomó conocimiento oficial. Así pues, recomendó a la JRT que declarase Ha Lugar la apelación presentada por la UECFSE.

Cónsono con lo anterior, el 30 de octubre de 2020, la JRT emitió la *Decisión y Orden*[6]*,* acogió el *Informe y Recomendaciones del Oficial Examinador* y declaró Ha Lugar la Apelación presentada por UECFSE. Oportunamente, la CFSE compareció ante este Foro Intermedio. Posteriormente, la CFSE presentó *Moción Informando Desistimiento de Solicitud de Revisión Administrativa*[7]*,* y el 29 de abril de 2021, un panel hermano emitió una *Sentencia*[8] declarando Ha Lugar el Desistimiento presentado por la CFSE.

---

[3] Ley 26-2017.
[4] *Ley Especial de Sostenibilidad Fiscal y Operacional del Gobierno del Estado Libre Asociado de Puerto Rico.*
[5] Véase Apéndice B de la apelación, pág. 31 y siguientes.
[6] Véase Apéndice B de la apelación, págs. 14-30.
[7] Véase Apéndice B de la apelación, pág. 66.
[8] *Íd.*

Posteriormente, el 3 de septiembre de 2024, la JRT presentó ante el TPI *Solicitud para poner en vigor una decisión y orden emitida por la Honorable Junta de Relaciones del Trabajo de Puerto Rico*[9]. En síntesis, arguyó que luego de que el Tribunal de Apelaciones emitió la *Sentencia de Desistimiento,* la *Decisión y Orden* emitida por la JRT advino final y firme. Adujo que luego de casi 4 años de pronunciada la *Decisión y Orden,* la CFSE aun no la ha acatado o cumplido. Por ello, peticionan que el foro primario ordene a la CFSE a dar cabal cumplimiento de la *Decisión y Orden* emitida en el 2020.

El 18 de septiembre de 2024, la CFSE presentó una *Moción en cumplimiento en orden de mostrar causa, en oposición a solicitud para poner en vigor una decisión y orden y en solicitud de desestimación*[10] en la que esbozó que *la Decisión y Orden 2020* carece de validez y no es ejecutable porque el señor presidente, Francisco Reyes Márquez falleció, por tanto, la petición de la JRT se tornó académica. Además, alegó que la Ley 26-2017 según enmendada, revocó todas las disposiciones de los convenios colectivos del Gobierno de Puerto Rico, incluyendo las corporaciones púbicas que concedían una licencia sindical con sueldo. El 23 de septiembre de 2024, la UECFSE se unió al pleito como parte interventora y sometió el documento que fue intitulado: *Moción en apoyo a solicitud para poner en vigor una decisión y orden emitida por la honorable Junta de Relaciones del Trabajo de Puerto Rico, Réplica a Oposición a solicitud radicada por la Corporación del Fondo del Seguro del Estado el 12 de septiembre de 2004, Moción en cumplimiento de órdenes de 13 de septiembre de 2024 y 19 de septiembre de 2024*[11].

---

[9] Véase Apéndice B de la apelación, págs. 11-13.
[10] Véase Apéndice F de la apelación, págs. 72-79.
[11] Véase Apéndice H de la apelación, págs. 89-97.

De igual forma y en oposición, el 25 de septiembre de 2024, la JRT presentó *Réplica a la "Moción en cumplimiento de orden de mostrar causa, en oposición a solicitud para poner en vigor una decisión y orden y en solicitud de desestimación*[12]*"*. Alegó que la CFSE siempre revistió la apariencia de que estaría cumpliendo con la *Decisión y Orden*. Argumentó que, el 10 de mayo de 2023, el Administrador de la CFSE, el Administrador Auxiliar de Asesoría Jurídica, la Administradora Auxiliar de Recursos Humanos, la directora Asociada de Relaciones Laborales y su Asesora Legal suscribieron una Estipulación, mediante la cual informaban que la CFSE tramitaría el pago conforme a la *Decisión y Orden*. Por otro lado, sobre los argumentos de la CFSE, la JRT adujo que estos intentan relitigar en el pleito de autos lo adjudicado en la *Decisión y Orden*, la cual es final, firme e inapelable. Sobre el alegato de la CFSE, arguyó que la reclamación se ha tornado académica con la muerte del señor Francisco Reyes Márquez, presidente de la UECFSE en aquel entonces. La JRT, también expuso, que la Orden va dirigida a reconocer la licencia sindical acordada mediante el Convenio Colectivo a la figura del presidente de la UECFSE. Además, razona que la *Decisión y Orden* no tenía fecha de caducidad y que está vigente hasta que se materialice su cumplimiento. Añadió que, cualquier alegación de que la *Decisión y Orden* mencionó en su texto algunas leyes que sí tenían término de vigencia, eso no constituye que ella tiene fecha de vencimiento.

Seguidamente, la CFSE presentó moción de desestimación donde reitera sus argumentos originales, así como solicitó la desestimación del pleito porque la *Decisión y Orden* de poner en vigor una licencia sindical perdió su vigencia el 30 de junio de 2021, porque no existe disposición válida que reconozca una licencia

---

[12] Véase Apéndice K de la apelación, págs. 102-176.

sindical; además, la JRT no tiene legitimación para presentar una acción de cobro. La JRT presentó oposición al petitorio de la CFSE.

El 6 de noviembre de 2024, el TPI declaró Ha Lugar la demanda de epígrafe. En específico, ordenó a la CFSE a que cumpla con la *Decisión y Orden 2020*.

Insatisfecho, el 6 de diciembre 2024, la parte apelante acudió ante nos mediante recurso de *Apelación* y le imputó al TPI la comisión de los siguientes errores:

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL PONER EN VIGOR EL ARTÍCULO 15 DEL CONVENIO COLECTIVO QUE A ESTA FECHA NO ESTÁ VIGENTE, Y DE ESE MODO ORDENAR EL PAGO DE UNA LICENCIA CON SUELDO A LA ACTUAL PRESIDENTA DE LA UNIÓN.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL DECLARAR HA LUGAR LA SOLICITUD DE LA JRT PARA PONER EN VIGOR LA DECISIÓN Y ORDEN 2020 DJRT 30, AÚN CUANDO EN ESTE MOMENTO DICHA SOLICITUD ES ACADÉMICA Y CONTRARIA A DERECHO.

> ERRÓ EL TRIBUNAL DE PRIMERA INSTANCIA AL ORDENAR QUE SE RECONOZCA UNA LICENCIA SINDICAL CON SUELDO QUE DESDE EL 1 DE JULIO DE 2021 PERDIÓ VIGENCIA Y QUE ACTUALMENTE ESTÁ PROHIBIDA POR NUESTRO ORDENAMIENTO JURÍDICO.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL RECONOCER UNA LICENCIA SINDICAL DEJADA SIN EFECTO POR LA LEY 26 DE 29 DE ABRIL DE 2017.

> ERRÓ EL HONORABLE TRIBUNAL DE PRIMEA INSTANCIA AL DECLARAR HA LUGAR LA SOLICITUD DE LA JRT, AUN CUANDO EN ESTE MOMENTO LA JRT CARECE DE LEGITIMACIÓN ACTIVA PARA COBRAR CUALQUIER SALARIO ADEUDADO CORRESPONDIENTE A QUIENES OCUPARON EL PUESTO DE PRESIDENTE DE LA UNIÓN HASTA EL 30 DE JUNIO DE 2021.

El 19 de diciembre de 2024, la UECFSE presentó *Oposición a Apelación y Solicitud de Desestimación*. El 3 de enero de 2025, la JRT presentó *Alegato de la Junta de Relaciones del Trabajo de Puerto Rico.*

Con el beneficio de la comparecencia de las partes, procedemos a exponer la normativa jurídica aplicable a los asuntos ante nuestra consideración.

**II.**

**-A-**

En nuestro ordenamiento jurídico opera la doctrina de cosa juzgada o *res judicata.* Esta doctrina es una defensa que tiene el efecto de evitar que se litiguen nuevamente asuntos que fueron ya litigados y adjudicados o que pudieron haberse litigado y adjudicado en un pleito anterior[13]. Se fundamenta en el interés público del Estado de ponerle fin a los litigios y en proteger a los ciudadanos para que no se les someta en múltiples ocasiones a los rigores de un proceso judicial y se vean sujetos a incurrir en gastos innecesarios[14]. Podrá levantarse cuando exista una primera sentencia válida, la cual advino final y firme que adjudicó los hechos y resolvió la controversia en los méritos.

En el caso de *Pérez Droz v. ASR*[15]*,* se estableció lo siguiente: la doctrina de cosa juzgada en el derecho administrativo podría aplicar en tres vertientes: (1) dentro de la misma agencia; (2) interagencialmente, es decir, de una agencia a otra; y (3) entre las agencias y los tribunales[16]. Para que la doctrina de cosa juzgada aplique en alguna de estas vertientes, hemos enumerado dos requisitos: (1) la agencia debe actuar en una capacidad judicial donde resuelvan las controversias ante sí; y (2) las partes deben haber tenido una oportunidad adecuada para litigar. *Pagán Hernández v. U.P.R., supra*, citando a U.S. v. Utah, 384 U.S. 394 (1966).

**-B-**

La *Ley de Relaciones del Trabajo de Puerto Rico*, Ley Núm. 130 de 8 de mayo de 1945, según enmendada[17], establece la política pública del gobierno de Puerto Rico en cuanto a las disputas obrero-

---

[13] *SLG Szendrey Ramos v. Consejo de Titulares*, 184 DPR 133, 154 (2011).
[14] *Íd.*
[15] 184 DPR 313 (2012).
[16] *Supra*, pág. 770; *Pagán Hernández v. UPR,* 107 DPR 720, 732, 733 (1978).
[17] 29 LPRA sec. 61 y ss.

patronales y la celebración de convenios colectivos. La aludida Ley resalta como uno de sus objetivos principales la consecución de la "[p]az industrial, salarios adecuados y seguros para los empleados, así como la producción ininterrumpida de artículos y servicios, a través de la negociación colectiva"[18].

Por virtud de la Ley de Relaciones del Trabajo, *supra,* se creó la Junta de Relaciones del Trabajo de Puerto Rico, y este es el foro o "tribunal adecuado eficaz e imparcial" para velar por el cumplimiento de las obligaciones contraídas en virtud de un convenio colectivo y evitar que cualquier persona incurra en prácticas ilícitas del trabajo[19]. Para cumplir con tal encomienda, se le confirió jurisdicción exclusiva a la Junta sobre estos asuntos. Esta facultad de la JRT no puede ser afectada por ningún otro medio de ajuste o prevención, salvo circunstancias especiales[20]. Asimismo, por mandato de ley, la JRT desempeña un deber tutelar fundamental en las relaciones obrero-patronales destinado a implantar la política oficial, prevenir prácticas ilícitas y diseñar los remedios apropiados[21].

De este modo, se sustrajo de los tribunales las controversias relacionadas al cumplimiento de los contratos obrero-patronales. El legislador estimó que sólo un organismo especializado y diseñado exclusivamente para ese propósito, como es la JRT, podría dar plena eficacia a los derechos de organización y negociación colectiva[22].

**III.**

La parte apelante cuestiona una *Decisión y Orden* emitida el 4 de noviembre de 2020 por la JRT, en la cual ordenó a la CFSE al pago de una licencia sindical bajo los parámetros dispuestos en el

---

[18] 29 LPRA sec. 62(2).
[19] *FSE v. JRT*, 111 DPR 505, 512 (1981).
[20] 29 LPRA sec. 68(a); *Martínez Rodríguez v. AEE*, 133 DPR 986, 994 (1993); *PRTC v. Unión Indep. Emp. Telefónicos*, 131 DPR 171, 188 (1992).
[21] 29 LPRA Sec. 62(4).
[22] *PRTC v. Unión Indep. Emp. Telefónicos, supra; FSE v. J.R.T., supra,* pág. 513; *P.R.T.C. v. J.R.T.,* 86 DPR 382, 395-396 (1962).

Artículo 15 del Convenio Colectivo. Alega que el TPI erró al declarar Ha Lugar la demanda y ordenar a la CFSE a cumplir con *la Decisión y Orden 2020*, en específico, cumplir con los parámetros dispuestos en el Artículo 15 del Convenio Colectivo, según enmendado, con la Estipulación firmada entre las partes el 29 de agosto de 2014, el 3 de julio de 2015 y la enmienda realizada a la estipulación del 3 de julio de 2015, hecha el 29 de junio de 2016.

En ese sentido, la CFSE nos trae a nuestra consideración cinco (5) errores. Atenderemos en conjunto aquellos errores que presenten controversias y argumentos similares. Procedemos a disponer de los primeros cuatro señalamientos de error de la CFSE. Veamos.

Estos cuatro (4) errores están relacionados con la eficacia del el Artículo 15 del Convenio Colectivo. Arguye la CFSE que el Artículo 15 del Convenio Colectivo actualmente no está vigente, por ende, no procede el pago de una licencia sindical, a su vez, la concesión de dicha licencia sindical en este momento está prohibida por el ordenamiento jurídico, por lo cual, el mandato del foro primario de darle eficacia a la *Decisión y Orden 2020* es académica y contraria en derecho. De igual forma, alega que la licencia sindical fue dejada sin efecto desde el 2017 con la aprobación de la Ley 26-2017.

Es indispensable mencionar que *la Decisión y Orden 2020* fue debidamente notificada el 4 de noviembre de 2020. En síntesis, la *Decisión y Orden 2020* impugnada por la CFSE atendió las siguientes alegaciones, a saber: si el Artículo 15 del Convenio Colectivo, el cual concede una licencia sindical con sueldo, es afectado por la aprobación de la Ley 66-2014, Ley 3-2017, Ley 26-2017, las cuales tenían como fin establecer un control de gastos y compensaciones monetarias extraordinaria.

Surge del proceso administrativo que las partes expusieron sus alegatos. El 4 de diciembre de 2018, la oficial examinadora

atendió la audiencia y, en la misma, las partes presentaron prueba documental y testifical. Seguidamente, el 7 de diciembre de 2018, se les concede sesenta (60) días para someter memorandos de derecho. Cada parte somete memorando de derecho y el 7 de noviembre de 2019, la oficial examinadora emite el informe y recomendaciones. El 18 de noviembre de 2019, la CFSE presenta un Escrito de Excepciones y en Oposición al Informe y Recomendaciones de la Oficial Examinadora. Conforme con el trámite administrativo, la Oficial Examinadora refiere el asunto a la Junta en pleno para análisis y determinación. Los miembros de la Junta se reunieron el 9 de septiembre de 2020 para determinar sobre la controversia, emiten sus votos y determinan acoger el informe presentado por la Oficial Examinadora, y pronuncian la *Decisión y Orden 2020.* La CFSE en el 2020 presenta ante nuestra Curia el recurso denominado alfanuméricamente KLRA202000504 y, subsiguientemente, el 27 de abril de 2021, presenta ante un panel hermano una M*oción Informando Desistimiento de Solicitud Administrativa* la cual fue acogida y el 29 de abril de 2021 dicta *Sentencia*[23] y ordena el archivo definitivo de la causa de acción.

No cabe duda de que la CFSE desistió de su petitorio el 27 de abril de 2021, aun cuando solicita la revisión administrativa de la determinación tomada por la JRT en la *Decisión y Orden 2020.* Coincidimos totalmente con el foro primario, *surge del expediente del caso de epígrafe que las reclamaciones de la parte peticionada equivalen esencialmente a un ataque colateral a una determinación de la JRT,* la cual es final y firme.

El efecto inexorable de la doctrina de cosa juzgada es que la sentencia decretada en un pleito anterior impide que en un pleito posterior se litiguen entre las mismas partes y sobre la misma causa

---

[23] Véase Apéndice B de la apelación, págs. 65-66.

de acción y cosas, las cuestiones ya litigadas y adjudicadas, y aquellas que pudieron haber sido litigadas y adjudicadas con propiedad en la acción previa[24]. Así pues, los errores primero, segundo tercero y cuarto no fueron cometidos, porque el petitorio de la CFSE busca traer ante nuestra consideración argumentos ya adjudicados por la JRT y por esta Curia, los cuales son finales y firme. Cónsono con lo anterior, el Tribunal Supremo en *Ortiz Matos v. Mora Development*, 187 DPR, 649, 656 (2013), determina que el *procedimiento de ejecución de orden no debe ser confundido con el procedimiento de revisión judicial.* Industria Cortinera, Inc. v. P.R. Telephone Co., 132 DPR 654, 664 (1993). *Durante la revisión judicial, el tribunal revisa la determinación de la agencia administrativa mientras que, en la ejecución de orden, este implanta la determinación administrativa una vez adviene final y firme, sin pasar juicio sobre su corrección.* Industria Cortinera, Inc. v. P.R. Telephone Co., *supra.*

Referente al quinto error, la CFSE cuestiona la legitimación activa de la JRT para instar el cobro de la licencia sindical de múltiples presidentes. Al igual que el foro primario, estimamos *que "[n]inguna objeción que no se hubiera levantado ante la Junta… se tomará en consideración por el tribunal, a menos que la omisión o descuido en la presentación de dicha objeción fuera excusada por razón de circunstancias extraordinarias". Art. 9(2)(a) de la Ley Núm. 130 de 8 de mayo de 1945, supra.* Siendo ese el caso y en ausencia de circunstancias extraordinarias que le hayan impedido a la parte peticionada presentar dichas objeciones en el foro administrativo; y ante su craso incumplimiento con la Decisión, no vemos razón que impida que se ordene el cumplimiento de esta.

---

[24] *Méndez v. Fundación*, 165 DPR 253 (2005); *Pagán Hernández v. UPR*, 107 DPR 720, 732-733 (1978); *Mercado Riera v. Mercado Riera*, 100 DPR 940, 950 (1972).

## IV.

Por los fundamentos antes expuestos, ***confirmamos*** la sentencia apelada

Notifíquese.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones